NO. 07-02-0372-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 21, 2003


______________________________



RAYBORN ROBERT STEPHENSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 96,499; HON. PAMELA C. SIRMON, PRESIDING


_______________________________



ORDER ON APPELLANT'S MOTION TO DISMISS APPEAL



_______________________________



Before JOHNSON, C.J., QUINN, J. and BOYD, S.J. (1)

 Rayborn Robert Stephenson, appellant, has moved to dismiss the appeal pursuant
to Rule 42.2 of the Texas Rules of Appellate Procedure. Without passing on the merits
of the case, we grant the motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)
and dismiss the appeal. Having dismissed the appeal at appellant's personal request, no
motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn 

 Justice 

 


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



 sans-serif">IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 10, 2009

______________________________


DANIEL LUIS CANCINO, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee


_________________________________

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 4046; HON. RON ENNS, PRESIDING
_______________________________

Order
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Daniel Luis Cancino (appellant) appeals from his conviction for aggravated assault. 
His retained attorney has filed a motion to withdraw wherein he certified that, after diligently
searching the record, he concluded there is no reversible error.


 The provisions of Anders
v. California do not apply to retained counsel. See Torres v. State, 271 S.W.3d 872 (Tex.
App.–Amarillo 2008, no pet.). This is so because by securing retained counsel, the
appellant has received all that Anders was designed to insure. Rivera v. State, 130
S.W.3d 454, 458 (Tex. App.–Corpus Christi 2004, no pet.). Nonetheless, like their
counterparts who have been appointed, retained counsel also have an ethical obligation
to refuse to pursue a frivolous appeal. Id. So, when counsel encounters such an appeal,
he must inform the appellate court of it and seek leave to withdraw in compliance with Rule
6.5 of the Texas Rules of Appellate Procedure. Id. Then, we need only address whether
counsel complied with that rule. Id. 
          Again, appellant’s retained counsel at bar has told us that he reviewed the appellate
record and discovered no arguable ground for reversal. Moreover, the motion to withdraw
before us contains appellant’s name and last known address, a statement that a copy of
the motion was delivered to appellant, and a statement that appellant was notified in writing
of the right to object to the motion, as required by Rule 6.5. Tex. R. App. P. 6.5(a).
          Therefore, we grant appellate counsel’s motion to withdraw. Furthermore, appellant
is not required to file a brief or response. However, if appellant desires to file one pro se,
he is ordered to do so no later than October 12, 2009. If appellant decides to file a
response and needs to review the record, he will need to contact his appellate attorney to
obtain access to it.
          It is so ordered.
                                                                           Per Curiam

Do not publish.